IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TERRI FENNIMORE,**<br><br>Plaintiff,<br><br>v.<br><br>**PARTYLITE GIFTS, INC. and PARTYLITE WORLDWIDE, LLC,**<br><br>Defendants. | **CIVIL ACTION NO.:**<br><br><br><br>**DEFENDANTS' NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1441(a)-(b) and 1446, and for the sole purpose of removing this matter to the United States District Court of the District of New Jersey, Defendants PartyLite Gifts, Inc. ("PartyLite Gifts") and PartyLite Worldwide, LLC ("PartyLite Worldwide" and collectively with PartyLite Gifts, "Defendants") state as follows:

**A. State Court Action**

1. Plaintiff Terri Fennimore ("Plaintiff") originally filed this action against Defendants in the Superior Court of New Jersey, Mercer County, Law Division, Docket No. MER-L-001137-19. On June 13, 2019, a process server served the Summons, Complaint, Civil Case Information Statement, and eCourts Civil Case Jacket on an individual authorized to accept service on behalf of both Defendants. Annexed hereto as Exhibit "A" is a true and correct copy of the Service of Process Notices, the Summons and Complaint, Civil Case Information Statement, and eCourts Civil Case Jacket served upon Defendants, as well as an updated Case Jacket, the case Track Assignment, Affidavits of Service, Deficiency Notice, and re-filed Affidavits of Service, which constitute all of the process, pleadings, and docket entries to date.

### B. Diversity Jurisdiction

2. The above-captioned action is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

3. PartyLite Gifts is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business located in the Commonwealth of Massachusetts.

4. PartyLite Worldwide is a limited liability corporation organized and existing under the laws of the State of Delaware with its principal place of business located in the Commonwealth of Massachusetts.

5. According to the Complaint, Plaintiff is a citizen of the State of New Jersey and resides at 751 Bunker Hill Avenue, Lawrenceville, New Jersey. *See Complaint*, ¶ 1.

6. In her two-count Complaint, Plaintiff asserts claims for alleged age discrimination under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 *et seq.*, and breach of implied contract. In her Complaint, Plaintiff seeks recovery of lost earnings/income; compensatory damages for emotional distress, humiliation, and anguish; punitive damages; and attorney's fees and costs incurred in this litigation. *See Complaint*, "Wherefore" Clause.

7. Assuming, solely for purposes of this application only that Plaintiff could succeed in full on her claims, her recovery could exceed $75,000.00, exclusive of interest and costs, based on her claim for lost earnings, emotional distress damages, punitive damages, and attorney's fees. "Because punitive damages are recoverable in certain circumstances under NJLAD . . . punitive damages must also be considered when determining the amount in controversy…. Under New Jersey law, punitive damages can total up to five times the compensatory damages." *Uddin v. Sears, Roebuck & Co.*,[1] 2014 WL 316988, at *5-6 (D.N.J. Jan. 27, 2014) (internal citations omitted) (denying

---

[1] Unpublished decision attached hereto as Exhibit "B."

motion for remand where plaintiffs could not demonstrate "to a legal certainty that their claims can not exceed the statutory threshold"). Additionally, attorney's fees "may be considered when determining the amount in controversy…. The Third Circuit has held that fees can be estimated as high as 30% of the judgment when making this calculation." *Id.* at *5 (*citing Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007)).

8. Thus, the above-captioned action is a civil action in which the amount in controversy, in total, exceeds the sum or value of $75,000.00, exclusive of costs and interest, and complete diversity exists such that no plaintiff is a citizen of the same state as any defendant.  *See* 28 U.S.C. § 1332(a); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990).

9. Therefore, this Court has diversity jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1332(a), which may properly be removed to the Court pursuant to 28 U.S.C. § 1441, *et seq*.

### C. Timeliness of Notice of Removal

10. Defendants first received notice of the Complaint when Defendants' agent was served with the Summons and Complaint on June 13, 2019.  Removal of this action is, therefore, timely under 28 U.S.C. § 1446(b) in that this filing occurs within thirty (30) days of service of the Summons and Complaint.

### D. Relief Requested

11. Defendants request that the United States District Court for the District of New Jersey assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

### E. Consent

12. Under 28 U.S.C. § 1446(b)(2)(A), when a civil action is removed solely under § 1441(a), all defendants properly joined and served in the state court action must join or consent to the removal.

13. As demonstrated by the fact that this Notice of Removal is jointly filed by both Defendants, who are represented by the same counsel, all Defendants have timely consented to removal.

Dated: July 11, 2019

Respectfully submitted,

CONSTANGY, BROOKS,
SMITH & PROPHETE LLP

*/s/ Danielle E. Acocella*
Danielle E. Acocella
Attorney I.D. No. 078192013
989 Lenox Drive, Suite 206
Lawrenceville, NJ 08648
Ph: (609) 357-1180
Fax: (609) 357-1193
dacocella@constangy.com
*Attorneys for Defendants PartyLite Gifts, Inc. and PartyLite Worldwide, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of July 2019, I caused the within Notice of Removal to be filed with the Clerk of the Court using the CM/ECF system, and served a copy of same by regular mail upon Plaintiff's counsel as follows:

Richard M. Schall
Patricia A. Barasch
SCHALL & BARASCH, L.L.C.
Moorestown Office Center
110 Marter Ave., Suite 105
Moorestown, NJ 08057
*Attorneys for Plaintiff Terri Fennimore*

*/s/ Danielle E. Acocella*