# Exhibit A

# CORPORATE CREATIONS®

Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

PartyLite Gifts, Inc.                                                                06/14/2019
Raul Tellez Vice President of Legal
Luminex Home Décor and Fragrance Company
10521 Millington Ct.
Cincinnati  OH  45242

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**          | Item: 2019-7 |

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| 1. | **Client Entity:** | PartyLite Gifts, Inc. |
|---|---|---|
| 2. | **Title of Action:** | Terri Fennimore vs. Partylite Gifts, Inc, et al. |
| 3. | **Document(s) Served:** | Civil Action Summons<br>Civil Case Information Statement<br>Complaint and Demand for Jury Trial |
| 4. | **Court/Agency:** | Mercer County Superior Court |
| 5. | **State Served:** | New Jersey |
| 6. | **Case Number:** | 1137-19 |
| 7. | **Case Type:** | Age Discrimination |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Thursday 6/13/2019 |
| 10. | **Date To Client:** | Friday 6/14/2019 |
| 11. | **# Days When Answer Due:** 35<br>**Answer Due Date:** 07/18/2019 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **SOP Sender:**<br>(Name, City, State, and Phone Number) | Richard M. Schall<br>Moorestown, NJ<br>(856) 914-9200 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 311 |
| 16. | **Notes:** | None. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

**SUMMONS**

Attorney(s) Richard M. Schall, ID. 030301993

Office Address 110 Marter Avenue, Suite 105

Town, State, Zip Code Moorestown, NJ 08057

Telephone Number 856-914-9200

Attorney(s) for Plaintiff Terri Fennimore

Terri Fennimore

---

Plaintiff(s)

vs.

Partylite Gifts, Inc.

Partylite Worldwide, LLC
Defendant(s)

# Superior Court of New Jersey

Mercer _____ County

Law _____ Division

Docket No: 1137-19

# CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

/s/ Michelle Smith.
Clerk of the Superior Court

DATED: 06/11/2019

Name of Defendant to Be Served: Partylite Gifts, Inc. c/o Corporate Creations Network, Inc., Reg. Agent

Address of Defendant to Be Served: 600 Cordwainer Drive, Norwell MA 02061 12 Christopher Way, #200 Eatontown, NJ 07724

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

MER-L-001137-19   06/11/2019 11:20:05 AM  Pg 1 of 2 Trans ID: LCV20191021713

# Civil Case Information Statement

## Case Details: MERCER | Civil Part Docket# L-001137-19

**Case Caption:** FENNIMORE TERRI  VS PARTYLITE
GIFTS, INC .

**Case Initiation Date:** 06/11/2019

**Attorney Name:** RICHARD M SCHALL

**Firm Name:** SCHALL & BARASCH, LLC

**Address:** MOORESTOWN OFFICE CTR 110 MARTER AVE
STE 105

MOORESTOWN NJ 080570000

**Phone:**

**Name of Party:** PLAINTIFF : Fennimore, Terri

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO      **Title 59?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/11/2019
Dated

/s/ RICHARD M SCHALL
Signed

6/11/2019                                    eCourts Civil Case Jacket

Judiciary eCourts System - Civil Part

- Home
- Help
- Logout

CASE JACKET
User:RICHARD SCHALL
Docket Number:  MER L 001137 - 19

Back                                                           Create Summary Report

Case Caption: Fennimore Terri Vs Partylite Gifts Inc

| | | |
|---|---|---|
| Court: Civil Part | Venue: Mercer | Case Initiation Date: 06/11/2019 |
| Case Type: Law Against Discrimination (Lad) Cases | Case Status: Active | Jury Demand: 6 Jurors |
| Case Track: 3 | Judge: Janetta D Marbrey | Team: 8 |
| # of Discovery Days: 450 | Age of Case: 00 YR 00 MO | Consolidated Case: N |
| Original Discovery End Date: | Current Discovery End Date: | # of DED Extensions: 0 |
| Original Arbitration Date: | Current Arbitration Date: | # of Arb Adjournments: 0 |
| Original Trial Date: | Current Trial Date: | # of Trial Date Adjournments: 0 |
| Disposition Date: | Case Disposition: Open | Statewide Lien: |

Plaintiffs (1)       Defendants (2)       ACMS Documents (1)       Fees (1)

Terri Fennimore

**Case Actions**

| Filed Date | Filings | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|---|
| 6/11/2019 | | Complaint with Jury Demand for MER-L-001137-19 submitted by SCHALL, RICHARD M, SCHALL & BARASCH, LLC on behalf of TERRI FENNIMORE against PARTYLITE GIFTS, INC., PARTYLITE WORLDWIDE, LLC | LCV20191021713 | 6/11/2019 |

Showing 1 to 1 of 1 entries

- Screen ID : ECCV3001
- © Copyright NJ Judiciary 2016

RICHARD M. SCHALL, ESQUIRE (ID #030301987)
PATRICIA A. BARASCH, ESQUIRE) (ID #024631993)
SCHALL & BARASCH, LLC
MOORESTOWN OFFICE CENTER
110 MARTER AVE., SUITE 105
MOORESTOWN, NJ 08057
(856) 914-9200
ATTORNEYS FOR PLAINTIFF TERRI FENNIMORE

| | |
|---|---|
| TERRI FENNIMORE, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| Plaintiff, | MERCER COUNTY |
| | |
| v. | DOCKET NO. |
| | |
| PARTYLITE GIFTS, INC. and | Civil Action |
| PARTYLITE WORLDWIDE, LLC, | |
| | **COMPLAINT AND DEMAND FOR** |
| Defendants. | **JURY TRIAL** |

## PRELIMINARY STATEMENT

Plaintiff Terri Fennimore brings this complaint under the provisions of the New

Jersey Law Against Discrimination, N.J.S.A. 10:5-12(l), against defendants PartyLite

Gifts, Inc. and PartyLite Worldwide, LLC on account of their having discriminated

against her on account of her age—refusing, because of plaintiff's age, to enter into a

contract with her that would have allowed her the opportunity to become a Senior

Regional Vice-President with Defendant Partylite Gifts, Inc.   Plaintiff also brings a claim

under the common law of the State of New Jersey against defendants for breach of

implied contract on account of defendants' failure to honor the terms of their Senior Regional Vice President Plan, under which plaintiff should have been considered for, and granted, the position as Regional Vice President.

## THE PARTIES

1.      Plaintiff, Terri Fennimore, who resides at 751 Bunker Hill Avenue, Lawrenceville, New Jersey, has worked continuously since 1985 as an independent contractor for defendants, in which position she sold, and recruited others to sell, defendants' products.

2.      Defendant PartyLite Gifts, Inc., with headquarters at 600 Cordwainer Drive, Norwell, Massachusetts, holds itself out as the "world's #1 party plan marketer selling candles, candle holders, flameless fragrance, wax warmers, and holiday and home décor products." It sells those products via a network of "independent consultants" it contracts with, and it compensates those salespersons based both on the sales they individually make as well as (and often more significantly) based on the sales generated by those whom they recruit to become additional salespersons for defendants.

3.      Defendant PartyLite Worldwide LLC is the parent company of defendant PartyLite Gifts, Inc. and, in addition to operating in the United States as PartyLite Gifts, Inc., operates similar businesses in numerous countries around the world under separate corporate identities.

2

## FACTUAL ALLEGATIONS

**Defendants Operate Through a "Direct Selling" Organizational Structure and Promulgate, Within That Structure, Specific Policies and Procedures Regulating Advancement to Leadership Positions.**

4.      Rather than selling their products through retail outlets, defendants have developed a system of "direct selling" products through a network of what they refer to as "independent consultants," who are tasked with making sales by holding parties (referred to by defendants as "Shows") for family, friends, acquaintances, or others at which defendants' products are displayed and sold.

5.      Defendants consider their salespersons to be independent contractors and require, as a condition of their working for defendants, that each salesperson agree to the terms of an "Independent Consultant Agreement."

6.      Pursuant to the terms of these "Independent Consultant Agreements," defendants also require their salespersons to turn over within five days all monies taken in at a "Show" at which products are sold, with any failure to comply with this requirement resulting in the closing of the Consultant Account and termination of the "Independent Consultant Agreement."

7.      Under the terms of defendants' "Independent Consultant Agreements," defendants establish for each salesperson a "Consultant Account" and then pay into that account a portion of the profits from sales made by the consultant with the payments made pursuant to the terms of the PartyLite Profit Plan established by defendants.

8.      The Independent Consultant Agreements also require a salesperson to agree that he or she "is an independent contractor and is not an agent or employee of the Company and, as such, will not be treated as an employee for any Federal or State

3

income withholding taxes, Social Security, Workers' Compensation, Unemployment Compensation or other employee types of tax purposes."

9.    Once defendants have hired a salesperson as a consultant, defendants provide a mechanism for such consultants to move up an organizational "ladder" to positions as "Leaders" where they not only make direct sales but also recruit other "sales consultants" and then receive a portion of the profits generated by those sales consultants.

10.    This organizational ladder consists of a number of steps that may be climbed by a "Leader" into positions of increasing responsibility based on each successive step up the organizational ladder. As a "Leader," the consultant oversees a wider and wider network of consultants below him or her in "sales groups" for which the Leader is ultimately responsible and from which the Leader derives additional income.

11.    Defendants require those of its consultants who become "Leaders" to sign something called a "Leader Commitment Agreement"—a contract that spells out the terms and conditions of their participating in what defendants refer to as their "Profit Plus Award Program."

12.    The "Leader Commitment Agreement" provides that, "Leaders are not guaranteed any specific amount of incentives and have no vested property right to receive incentives from the Company. . . . A Leader's right to receive any incentives depends on the Company's determination that the Leader is entitled to such incentives in accordance with the terms of this Agreement, the Plan, the Guide, the Program, and the policies and procedures established from time to time with the Company."

13.    According to the "Leader Commitment Agreement," the various steps of increasing responsibility a Leader advances to, beginning at the lowest step to the

4

highest, are the following: "Unit Leader," "Senior Unit Leader," "Group Leader," "District Leader," "Regional Leader," "Regional Vice President," and "Senior Regional Vice President."

14.    To provide for the situation where a Senior Regional Vice President wishes to step down from that position on account of retirement or other personal reasons and to designate a successor to assume that position, defendants have promulgated and distributed to its consultants and Leaders a policy entitled, "Senior Regional Vice President Transition Plan" ("SRVP Transition Plan").

15.    Under the terms of the SRVP Transition Plan, those holding the position of SRVP are allowed to designate a successor ("Designee"), to whom their responsibilities will be transitioned, with compensation over the course of the following ten years to be shared between the departing SRVP and his or her designee based on a schedule set forth in the Plan.

16.    The criteria for eligibility to participate as a "Transitioning SRVP," as well as those required to participate as a "Designee" of the Transitioning SRVP are spelled out in the SRVP Transition Plan.

17.    Under the terms of the SRVP Transition Plan, defendants promise to follow a specified process, which includes an interview of the Designee, a review with "downline and upline lineage" [a term that refers to the consultants in the sales groups for whom the SRVP is responsible], and "company sanctioned training and business involvement."   Following the completion of that process, defendants reserve to themselves the "discretion" as to whether or not to accept the Designee selected by the Transitioning SRVP.

5

18.     The SRVP Transition Plan also requires that the Transitioning SRVP provide defendants with "notification of his/her desire to participate in the Transition Plan, and must recommend his/her Designee, at least three months prior to her/his intended Transition Period."

**Although Plaintiff Is Named By A Transitioning SRVP To Become Her Successor, Defendants Fail To Follow The Policy Regarding The Transition Process And Refuse To Allow Plaintiff To Become An SRVP.**

19.     On or about August, 2017, one of defendants SRVPs, Lorraine Ricca, decided that she wanted to participate in defendants' SRVP Transition plan and informed defendants that she had chosen plaintiff as her successor "Designee."

20.     Plaintiff, who, during her more than 30 years of work with defendants, had previously served as a Unit Leader, Senior Unit Leader, Group Leader, District Leader, Regional Leader and a SRVP, met all the eligibility criteria set out in defendants' SRVP Transition Plan, including the requirement of holding "the title of Regional Leader or higher during the three (3) years prior to his/her approval and acceptance into the Transition Plan by PartyLite."

21.     At the time Ms. Ricca selected plaintiff as her "Designee" to take over her position as SRVP, plaintiff was 60 years old.

22.     Even though the defendants 'SRVP Transition Plan requires defendants, upon the nomination of a Designee, to follow a specified process, which includes an interview of the Designee, a review with "downline and upline lineage" and "company sanctioned training and business involvement," defendants failed to follow that process with plaintiff—never interviewing her; never reviewing her lineage; and never offering her the "company sanctioned training and business involvement."

6

23.     Defendants offered plaintiff no reason or explanation as to why, in the case of plaintiff, they were ignoring the process spelled out in the Transition Plan to consider her as the Designee.

24.     Upon information and belief, when Designees have been younger than plaintiff, defendants have followed the policies set out in the SRVP Transition Plan and have proceeded to interview the Designee, review their lineage, provide them with training, and then appoint them to the SRVP position.

25.     Instead of following its specified process with plaintiff whom Ms. Ricca had chosen as her "Designee"— a process that, upon its conclusion would have resulted in plaintiff becoming an SRVP—defendants selected a person some eight (8) years younger than plaintiff to whom it then awarded the SRVP position.

26.     As a result of defendants denying plaintiff appointment to the SRVP position, in which she would have inherited the sales groups associated in the "lineage" of Ms. Ricca—the retiring SRVP— defendants have caused plaintiff to suffer the loss of the income stream that would have flowed to her as an SRVP.

## COUNT ONE
### (Age Discrimination)

27.     Plaintiff repeats and realleges the preceding paragraphs as if set forth herein in their entirety.

28.     The New Jersey Law Against Discrimination makes it unlawful for "any person to refuse to . . . contract with . . . or otherwise do business with any other person on the basis of . . . age." N.J.S.A. 10:5-12(l).

7

29.    In refusing to award the SRVP position to plaintiff, defendants have refused to enter into a contract with plaintiff on account of her age, thereby violating the provisions of the New Jersey Law Against Discrimination.

30.    As a result of defendants denying plaintiff appointment to the SRVP position, defendants have caused plaintiff to suffer the loss of the income stream that would have flowed to her as an SRVP.

## COUNT TWO
### (Breach of Implied Contract)

31.    Plaintiff repeats and realleges the preceding paragraphs as if set forth herein in their entirety.

32.    The SRVP Transition Plan, given the manner in which it was promulgated and distributed to defendants' consultants, imposed upon defendants certain legally binding obligations—obligations which defendants failed to comply with in denying plaintiff the opportunity to become an SRVP.

33.    In failing to abide by the terms of their SRVP Transition Plan, defendants breached an implied contract with plaintiff.

34.    As a result of defendants' breach of their implied contract with plaintiff, defendants have caused plaintiff to suffer the loss of the income stream that would have flowed to her as an SRVP.

## RELIEF REQUESTED

WHEREFORE, plaintiff demands judgment against the defendants and requests the following relief:

8

a.  Order that defendants place plaintiff into the position of Senior Regional Vice President—the position for which she had been made the Designee but which was denied her by defendants;

b.  Order that defendants make plaintiff whole for all the losses she has suffered, still suffers, and will suffer in terms of lost income as a result of being denied the SRVP position.

c.  Order that defendants compensate plaintiff for the emotional distress, humiliation, and anguish she has suffered on account of defendants' depriving her of the SRVP position;

d.  Order that defendants pay punitive damages on account of its conduct toward plaintiff;

e.  Award plaintiff her reasonable costs and attorneys' fees incurred in the litigation of this matter, including an enhancement of those fees as permitted under the law, and further including all time incurred in the effort to resolved the matter pre-litigation; and

f.  Grant plaintiff such other relief as the Court deems just and proper.


SCHALL & BARASCH, L.L.C.


BY: */s/Richard M. Schall*
RICHARD M. SCHALL
PATRICIA A. BARASCH
Attorneys for Plaintiff

Dated:  June 10, 2019

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues as permitted by law.

9

BY: */s/Richard M. Schall*
RICHARD M. SCHALL
PATRICIA A. BARASCH
Attorneys for Plaintiff

Dated: June 10, 2019

## CERTIFICATION PURSUANT TO RULE 4:5-1

1. I certify that, to my knowledge, the matter in controversy is not the subject of any other action pending in Court nor of a pending arbitration proceeding.

2. To my knowledge, no other action or arbitration is contemplated.

BY: */s/Richard M. Schall*
RICHARD M. SCHALL
PATRICIA A. BARASCH
Attorneys for Plaintiff

Dated: June 10, 2019

10

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Richard M. Schall is hereby designated as trial counsel in this matter.

BY: */s/Richard M. Schall*
RICHARD M. SCHALL
Attorneys for Plaintiff

Dated: June 10, 2019

JUN 1 3 2019

# CORPORATE CREATIONS®
### Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

PartyLite Worldwide, LLC                                         06/14/2019
Raul Tellez Vice President of Legal
Luminex Home Décor and Fragrance Company
10521 Millington Ct.
Cincinnati  OH  45242

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**          | Item: 2019-6 |

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Client Entity:** | PartyLite Worldwide, LLC |
| 2. | **Title of Action:** | Terri Fennimore vs. Partylite Gifts, Inc, et al. |
| 3. | **Document(s) Served:** | Civil Action Summons<br>Civil Case Information Statement<br>Complaint and Demand for Jury Trial |
| 4. | **Court/Agency:** | Mercer County Superior Court |
| 5. | **State Served:** | New Jersey |
| 6. | **Case Number:** | 1137-19 |
| 7. | **Case Type:** | Age Discrimination |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Thursday 6/13/2019 |
| 10. | **Date To Client:** | Friday 6/14/2019 |
| 11. | **# Days When Answer Due:** 35<br>**Answer Due Date:** 07/18/2019 | **CAUTION:** Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **SOP Sender:**<br>(Name, City, State, and Phone Number) | Richard M. Schall<br>Moorestown, NJ<br>(856) 914-9200 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 311 |
| 16. | **Notes:** | None. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

## SUMMONS

Attorney(s) Richard M. Schall, ID. 030301993

Office Address 110 Marter Avenue, Suite 105

Town, State, Zip Code Moorestown, NJ 08057

Telephone Number 856-914-9200

Attorney(s) for Plaintiff Terri Fennimore

Terri Fennimore

Plaintiff(s)

vs.

Partylite Gifts, Inc.

Partylite Worldwide, LLC

Defendant(s)

### Superior Court of
### New Jersey

Mercer _____ County

Law _____ Division

Docket No: 1137-19 _____

## CIVIL ACTION
## SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

_b\ Michelle Smith_
Clerk of the Superior Court

DATED: 06/11/2019 _____

Name of Defendant to Be Served: Partylite Worldwide, LLC c/o Corporate Creations Network, Inc., Reg. Agent

Address of Defendant to Be Served: 600 Cordwainer Drive, Norwell MA 02061  12 Christopher Way, #200
Eatontown, NJ 07724

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

MER-L-001137-19   06/11/2019 11:20:05 AM  Pg 1 of 2 Trans ID: LCV20191021713

# Civil Case Information Statement

## Case Details: MERCER | Civil Part Docket# L-001137-19

**Case Caption:** FENNIMORE TERRI  VS PARTYLITE
GIFTS, INC .

**Case Initiation Date:** 06/11/2019

**Attorney Name:** RICHARD M SCHALL

**Firm Name:** SCHALL & BARASCH, LLC

**Address:** MOORESTOWN OFFICE CTR 110 MARTER AVE
STE 105
MOORESTOWN NJ 080570000

**Phone:**

**Name of Party:** PLAINTIFF : Fennimore, Terri

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
       **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
       **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO        **Title 59?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/11/2019
Dated

/s/ RICHARD M SCHALL
Signed

6/11/2019                                          eCourts Civil Case Jacket

Judiciary eCourts System - Civil Part

- Home
- Help
- Logout

CASE JACKET
User:RICHARD SCHALL
Docket Number:  MER L 001137 - 19

Back                                                    Create Summary Report

Case Caption: Fennimore Terri Vs Partylite Gifts Inc

| | | |
|---|---|---|
| Court: Civil Part | Venue: Mercer | Case Initiation Date: 06/11/2019 |
| Case Type: Law Against Discrimination (Lad) Cases | Case Status: Active | Jury Demand: 6 Jurors |
| Case Track: 3 | Judge: Janetta D Marbrey | Team: 8 |
| # of Discovery Days: 450 | Age of Case: 00 YR 00 MO | Consolidated Case: N |
| Original Discovery End Date: | Current Discovery End Date: | # of DED Extensions: 0 |
| Original Arbitration Date: | Current Arbitration Date: | # of Arb Adjournments: 0 |
| Original Trial Date: | Current Trial Date: | # of Trial Date Adjournments: 0 |
| Disposition Date: | Case Disposition: Open | Statewide Lien: |

Plaintiffs (1)      Defendants (2)      ACMS Documents (1)      Fees (1)

Terri Fennimore

**Case Actions**

| Filed Date | Filings | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|---|
| 6/11/2019 | | Complaint with Jury Demand for MER-L-001137-19 submitted by SCHALL, RICHARD M, SCHALL & BARASCH, LLC on behalf of TERRI FENNIMORE against PARTYLITE GIFTS, INC., PARTYLITE WORLDWIDE, LLC | LCV20191021713 | 6/11/2019 |

Showing 1 to 1 of 1 entries

Screen ID : ECCV3001
© Copyright NJ Judiciary 2016
BUILD: CivilCaseJacket 2019_v.0.1

**RICHARD M. SCHALL, ESQUIRE (ID #030301987)**
**PATRICIA A. BARASCH, ESQUIRE) (ID #024631993)**
SCHALL & BARASCH, LLC
MOORESTOWN OFFICE CENTER
110 MARTER AVE., SUITE 105
MOORESTOWN, NJ 08057
(856) 914-9200
ATTORNEYS FOR PLAINTIFF TERRI FENNIMORE

| | |
|---|---|
| TERRI FENNIMORE, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| Plaintiff, | MERCER COUNTY |
| | |
| v. | DOCKET NO. |
| | |
| PARTYLITE GIFTS, INC. and | Civil Action |
| PARTYLITE WORLDWIDE, LLC, | |
| | **COMPLAINT AND DEMAND FOR** |
| Defendants. | **JURY TRIAL** |

## PRELIMINARY STATEMENT

Plaintiff Terri Fennimore brings this complaint under the provisions of the New

Jersey Law Against Discrimination, N.J.S.A. 10:5-12(l), against defendants PartyLite

Gifts, Inc. and PartyLite Worldwide, LLC on account of their having discriminated

against her on account of her age—refusing, because of plaintiff's age, to enter into a

contract with her that would have allowed her the opportunity to become a Senior

Regional Vice-President with Defendant Partylite Gifts, Inc.  Plaintiff also brings a claim

under the common law of the State of New Jersey against defendants for breach of

implied contract on account of defendants' failure to honor the terms of their Senior Regional Vice President Plan, under which plaintiff should have been considered for, and granted, the position as Regional Vice President.

## THE PARTIES

1.      Plaintiff, Terri Fennimore, who resides at 751 Bunker Hill Avenue, Lawrenceville, New Jersey, has worked continuously since 1985 as an independent contractor for defendants, in which position she sold, and recruited others to sell, defendants' products.

2.      Defendant PartyLite Gifts, Inc., with headquarters at 600 Cordwainer Drive, Norwell, Massachusetts, holds itself out as the "world's #1 party plan marketer selling candles, candle holders, flameless fragrance, wax warmers, and holiday and home décor products." It sells those products via a network of "independent consultants" it contracts with, and it compensates those salespersons based both on the sales they individually make as well as (and often more significantly) based on the sales generated by those whom they recruit to become additional salespersons for defendants.

3.      Defendant PartyLite Worldwide LLC is the parent company of defendant PartyLite Gifts, Inc. and, in addition to operating in the United States as PartyLite Gifts, Inc., operates similar businesses in numerous countries around the world under separate corporate identities.

2

## FACTUAL ALLEGATIONS

**Defendants Operate Through a "Direct Selling" Organizational Structure and Promulgate, Within That Structure, Specific Policies and Procedures Regulating Advancement to Leadership Positions.**

4.     Rather than selling their products through retail outlets, defendants have developed a system of "direct selling" products through a network of what they refer to as "independent consultants," who are tasked with making sales by holding parties (referred to by defendants as "Shows") for family, friends, acquaintances, or others at which defendants' products are displayed and sold.

5.     Defendants consider their salespersons to be independent contractors and require, as a condition of their working for defendants, that each salesperson agree to the terms of an "Independent Consultant Agreement."

6.     Pursuant to the terms of these "Independent Consultant Agreements," defendants also require their salespersons to turn over within five days all monies taken in at a "Show" at which products are sold, with any failure to comply with this requirement resulting in the closing of the Consultant Account and termination of the "Independent Consultant Agreement."

7.     Under the terms of defendants' "Independent Consultant Agreements," defendants establish for each salesperson a "Consultant Account" and then pay into that account a portion of the profits from sales made by the consultant with the payments made pursuant to the terms of the PartyLite Profit Plan established by defendants.

8.     The Independent Consultant Agreements also require a salesperson to agree that he or she "is an independent contractor and is not an agent or employee of the Company and, as such, will not be treated as an employee for any Federal or State

3

income withholding taxes, Social Security, Workers' Compensation, Unemployment Compensation or other employee types of tax purposes."

9.     Once defendants have hired a salesperson as a consultant, defendants provide a mechanism for such consultants to move up an organizational "ladder" to positions as "Leaders" where they not only make direct sales but also recruit other "sales consultants" and then receive a portion of the profits generated by those sales consultants.

10.     This organizational ladder consists of a number of steps that may be climbed by a "Leader" into positions of increasing responsibility based on each successive step up the organizational ladder. As a "Leader," the consultant oversees a wider and wider network of consultants below him or her in "sales groups" for which the Leader is ultimately responsible and from which the Leader derives additional income.

11.     Defendants require those of its consultants who become "Leaders" to sign something called a "Leader Commitment Agreement"—a contract that spells out the terms and conditions of their participating in what defendants refer to as their "Profit Plus Award Program."

12.     The "Leader Commitment Agreement" provides that, "Leaders are not guaranteed any specific amount of incentives and have no vested property right to receive incentives from the Company. . . . A Leader's right to receive any incentives depends on the Company's determination that the Leader is entitled to such incentives in accordance with the terms of this Agreement, the Plan, the Guide, the Program, and the policies and procedures established from time to time with the Company."

13.     According to the "Leader Commitment Agreement," the various steps of increasing responsibility a Leader advances to, beginning at the lowest step to the

4

highest, are the following: "Unit Leader," "Senior Unit Leader," "Group Leader," "District Leader," "Regional Leader," "Regional Vice President," and "Senior Regional Vice President."

14.     To provide for the situation where a Senior Regional Vice President wishes to step down from that position on account of retirement or other personal reasons and to designate a successor to assume that position, defendants have promulgated and distributed to its consultants and Leaders a policy entitled, "Senior Regional Vice President Transition Plan" ("SRVP Transition Plan").

15.     Under the terms of the SRVP Transition Plan, those holding the position of SRVP are allowed to designate a successor ("Designee"), to whom their responsibilities will be transitioned, with compensation over the course of the following ten years to be shared between the departing SRVP and his or her designee based on a schedule set forth in the Plan.

16.     The criteria for eligibility to participate as a "Transitioning SRVP," as well as those required to participate as a "Designee" of the Transitioning SRVP are spelled out in the SRVP Transition Plan.

17.     Under the terms of the SRVP Transition Plan, defendants promise to follow a specified process, which includes an interview of the Designee, a review with "downline and upline lineage" [a term that refers to the consultants in the sales groups for whom the SRVP is responsible], and "company sanctioned training and business involvement." Following the completion of that process, defendants reserve to themselves the "discretion" as to whether or not to accept the Designee selected by the Transitioning SRVP.

5

18.     The SRVP Transition Plan also requires that the Transitioning SRVP

provide defendants with "notification of his/her desire to participate in the Transition

Plan, and must recommend his/her Designee, at least three months prior to her/his

intended Transition Period."

**Although Plaintiff Is Named By A Transitioning SRVP To Become Her Successor,
Defendants Fail To Follow The Policy Regarding The Transition Process And
Refuse To Allow Plaintiff To Become An SRVP.**

19.     On or about August, 2017, one of defendants SRVPs, Lorraine Ricca,

decided that she wanted to participate in defendants' SRVP Transition plan and informed

defendants that she had chosen plaintiff as her successor "Designee."

20.     Plaintiff, who, during her more than 30 years of work with defendants, had

previously served as a Unit Leader, Senior Unit Leader, Group Leader, District Leader,

Regional Leader and a SRVP, met all the eligibility criteria set out in defendants' SRVP

Transition Plan, including the requirement of holding "the title of Regional Leader or

higher during the three (3) years prior to his/her approval and acceptance into the

Transition Plan by PartyLite."

21.     At the time Ms. Ricca selected plaintiff as her "Designee" to take over her

position as SRVP, plaintiff was 60 years old.

22.     Even though the defendants 'SRVP Transition Plan requires defendants,

upon the nomination of a Designee, to follow a specified process, which includes an

interview of the Designee, a review with "downline and upline lineage" and "company

sanctioned training and business involvement," defendants failed to follow that process

with plaintiff—never interviewing her; never reviewing her lineage; and never offering

her the "company sanctioned training and business involvement."

6

23.     Defendants offered plaintiff no reason or explanation as to why, in the case of plaintiff, they were ignoring the process spelled out in the Transition Plan to consider her as the Designee.

24.     Upon information and belief, when Designees have been younger than plaintiff, defendants have followed the policies set out in the SRVP Transition Plan and have proceeded to interview the Designee, review their lineage, provide them with training, and then appoint them to the SRVP position.

25.     Instead of following its specified process with plaintiff whom Ms. Ricca had chosen as her "Designee"— a process that, upon its conclusion would have resulted in plaintiff becoming an SRVP—defendants selected a person some eight (8) years younger than plaintiff to whom it then awarded the SRVP position.

26.     As a result of defendants denying plaintiff appointment to the SRVP position, in which she would have inherited the sales groups associated in the "lineage" of Ms. Ricca—the retiring SRVP— defendants have caused plaintiff to suffer the loss of the income stream that would have flowed to her as an SRVP.

## COUNT ONE
### (Age Discrimination)

27.     Plaintiff repeats and realleges the preceding paragraphs as if set forth herein in their entirety.

28.     The New Jersey Law Against Discrimination makes it unlawful for "any person to refuse to . . . contract with . . . or otherwise do business with any other person on the basis of . . . age." N.J.S.A. 10:5-12(l).

29.    In refusing to award the SRVP position to plaintiff, defendants have refused to enter into a contract with plaintiff on account of her age, thereby violating the provisions of the New Jersey Law Against Discrimination.

30.    As a result of defendants denying plaintiff appointment to the SRVP position, defendants have caused plaintiff to suffer the loss of the income stream that would have flowed to her as an SRVP.

**COUNT TWO**
**(Breach of Implied Contract)**

31.    Plaintiff repeats and realleges the preceding paragraphs as if set forth herein in their entirety.

32.    The SRVP Transition Plan, given the manner in which it was promulgated and distributed to defendants' consultants, imposed upon defendants certain legally binding obligations—obligations which defendants failed to comply with in denying plaintiff the opportunity to become an SRVP.

33.    In failing to abide by the terms of their SRVP Transition Plan, defendants breached an implied contract with plaintiff.

34.    As a result of defendants' breach of their implied contract with plaintiff, defendants have caused plaintiff to suffer the loss of the income stream that would have flowed to her as an SRVP.

**RELIEF REQUESTED**

WHEREFORE, plaintiff demands judgment against the defendants and requests the following relief:

8

a.   Order that defendants place plaintiff into the position of Senior Regional Vice President—the position for which she had been made the Designee but which was denied her by defendants;

b.   Order that defendants make plaintiff whole for all the losses she has suffered, still suffers, and will suffer in terms of lost income as a result of being denied the SRVP position.

c.   Order that defendants compensate plaintiff for the emotional distress, humiliation, and anguish she has suffered on account of defendants' depriving her of the SRVP position;

d.   Order that defendants pay punitive damages on account of its conduct toward plaintiff;

e.   Award plaintiff her reasonable costs and attorneys' fees incurred in the litigation of this matter, including an enhancement of those fees as permitted under the law, and further including all time incurred in the effort to resolved the matter pre-litigation; and

f.   Grant plaintiff such other relief as the Court deems just and proper.

SCHALL & BARASCH, L.L.C.


BY: /s/Richard M. Schall
    RICHARD M. SCHALL
    PATRICIA A. BARASCH
    Attorneys for Plaintiff

Dated:  June 10, 2019

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues as permitted by law.

9

BY: /s/Richard M. Schall
RICHARD M. SCHALL
PATRICIA A. BARASCH
Attorneys for Plaintiff

Dated: June 10, 2019

## CERTIFICATION PURSUANT TO RULE 4:5-1

1. I certify that, to my knowledge, the matter in controversy is not the subject of

any other action pending in Court nor of a pending arbitration proceeding.

2. To my knowledge, no other action or arbitration is contemplated.

BY: /s/Richard M. Schall
RICHARD M. SCHALL
PATRICIA A. BARASCH
Attorneys for Plaintiff

Dated: June 10, 2019

10

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Richard M. Schall is hereby designated as trial counsel in this matter.

BY: */s/Richard M. Schall*
RICHARD M. SCHALL
Attorneys for Plaintiff

Dated: June 10, 2019

JUN 1 3 2019

eCourts Civil Case Jacket

Judiciary eCourts System - Civil Part

- Home
- Help
- Logout

### CASE JACKET
User:DANIELLE ACOCELLA
## Docket Number:  MER L 001137 - 19

[ Back ]                                                    [ Create Summary Report ]

Case Caption: Fennimore Terri Vs Partylite Gifts Inc

| | | |
|---|---|---|
| Court: Civil Part | Venue: Mercer | Case Initiation Date: 06/11/2019 |
| Case Type: Law Against Discrimination (Lad) Cases | Case Status: Active | Jury Demand: 6 Jurors |
| Case Track: 3 | Judge: Janetta D Marbrey | Team: 8 |
| # of Discovery Days: 450 | Age of Case: 00 YR 00 MO | Consolidated Case: N |
| Original Discovery End Date: | Current Discovery End Date: | # of DED Extensions: 0 |
| Original Arbitration Date: | Current Arbitration Date: | # of Arb Adjournments: 0 |
| Original Trial Date: | Current Trial Date: | # of Trial Date Adjournments: 0 |
| Disposition Date: | Case Disposition: Open | Statewide Lien: |

| Plaintiffs (1) | Defendants (2) | ACMS Documents (3) | Fees (3) |
|---|---|---|---|

### Terri Fennimore

**Case Actions**

| Filed Date | Filings | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|---|
| 6/11/2019 | 📎 ✉ | Complaint with Jury Demand for MER-L-001137-19 submitted by SCHALL, RICHARD M, SCHALL & BARASCH, LLC on behalf of TERRI FENNIMORE against PARTYLITE GIFTS, INC., PARTYLITE WORLDWIDE, LLC | LCV20191021713 | 6/11/2019 |
| 6/12/2019 | ✉ | TRACK ASSIGNMENT Notice submitted by Case Management | LCV20191027945 | 6/12/2019 |
| 6/18/2019 | 📎 ✉ | AFFIDAVIT OF SERVICES submitted by SCHALL, RICHARD, M of SCHALL & BARASCH, LLC on behalf of TERRI FENNIMORE against PARTYLITE WORLDWIDE LLC, PARTYLITE GIFTS INC | LCV20191067081 | 6/18/2019 |
| 6/19/2019 | ✉ | **DEFICIENCY NOTICE:** re: AFFIDAVIT OF SERVICES [LCV20191067081] -Please file this document as an "AFFIDAVIT OF SERVICE". Thank you! | LCV20191077023 | 6/19/2019 |
| 7/3/2019 | 📎 ✉ | AFFIDAVIT OF SERVICE submitted by BARASCH, PATRICIA, ANN of SCHALL & BARASCH, LLC on behalf of TERRI FENNIMORE against PARTYLITE WORLDWIDE LLC, PARTYLITE GIFTS INC | LCV20191164309 | 7/3/2019 |

Showing 1 to 5 of 5 entries

- Screen ID : ECCV3001
- © Copyright NJ Judiciary 2016

BUILD: CivilCaseJacket_2019.4.0.1

```
MERCER COUNTY COURTHOUSE
CIVIL CASE MANAGMENT OFFICE
175 SOUTH BROAD ST P O BOX 8068
TRENTON          NJ 08650-0068
                                  TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (609) 571-4200
COURT HOURS  8:30 AM - 4:30 PM

                          DATE:   JUNE 11, 2019
                          RE:     FENNIMORE TERRI  VS PARTYLITE GIFTS INC
                          DOCKET: MER L -001137 19

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

    DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON JANETTA D. MARBREY

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      008
AT:  (609) 571-4200.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: RICHARD M. SCHALL
                              SCHALL & BARASCH, LLC
                              MOORESTOWN OFFICE CTR
                              110 MARTER AVE STE 105
                              MOORESTOWN        NJ 08057

JUWWIL3
```

## AFFIDAVIT OF SERVICE

| | |
|---|---|
| TYPE OF PROCESS: | Civil Action Summons, Case Information Statement, Track Assignment, and Complain And Demand For Jury Trial |
| SERVED: | Partylite Gifts, Inc. c/o Corporate Network, Inc., Registered Agent |
| ADDRESS: | 12 Christopher Way, #200, Eatontown, NJ 07724 |
| TELEPHONE: | (856) 269-9055 |
| ATTORNEY: | Richard M. Schall, Esquire |
| COUNTY OF VENUE: | Mercer        DOCKET NO.: 1137-19 |

| Terri Fennimore, | VS | Partylite Gifts, Inc., et al., |
|---|---|---|
| PLAINTIFF(S) | | DEFENDANT(S) |

Received this process on the 11th day of June 2019, and served the same on the within named Defendant at 1:41 PM on the 13th day of June 2019 in Monmouth County, New Jersey.

☐ INDIVIDUAL SERVICE: By delivering to the within named person a true copy of this process along with a copy of the complaint, petition or other initial pleading or paper as indicated above.

☐ SUBSTITUTE SERVICE: By leaving a true copy of this process along with a copy of the complaint, petition or other initial pleading or paper as indicated above, at the within named person's usual place of abode and/or business with a person residing at the said address, fourteen years of age or older, to wit:, and informing such persons of their contents.

☒ CORPORATION SERVICE: By delivering a true copy of this process with the date and hour of serve endorsed thereon by me and a copy of the complaint, petition or other initial pleading or paper as indicated above, to: Diane Laeorte, Receptionist, on behalf of Partylite Gifts, Inc. c/o Corporate Creations Network, Inc., Registered Agent, a corporation.

☐ NON-SERVICE: By returning the same this ___ day of _____ 2019, for the reason that after diligent search and inquiry the above named could not be located in _____ County, _____, for the following reason: _____.

### DESCRIPTION
GENDER:      SKIN COLOR:_ AGE:_ HGT:    WGT:_ GLASSES:

Sworn to and subscribed before me this 14th day of June 2019

Before me the undersigned personally appeared Jeanette C. Deeck,

_____
Notary Public

**ALEXANDRIA V FIELDS**
ID #50026986
NOTARY PUBLIC
STATE OF NEW JERSEY
My Commission Expires Nov. 12, 2020

_____
Jeanette C. Deeck

and being duly sworn, deposes and says that he/she served the above on the above named dates
Selective Subpoena & Investigative Service, Inc.
P.O. Box 8191, Cherry Hill, New Jersey 08002

## AFFIDAVIT OF SERVICE

**TYPE OF PROCESS:**   Civil Action Summons, Case Information Statement, Track Assignment, and Complain And Demand For Jury Trial

**SERVED:**   Partylite Worldwide, LLC c/o Corporate Network, Inc., Registered Agent

**ADDRESS:**   12 Christopher Way, #200, Eatontown, NJ 07724

**TELEPHONE:**   (856) 269-9055

**ATTORNEY:**   Richard M. Schall, Esquire

**COUNTY OF VENUE:**   Mercer       DOCKET NO.: L 137-19

| Terri Fennimore, | VS | Partylite Gifts, Inc., et al., |
|---|---|---|
| PLAINTIFF(S) | | DEFENDANT(S) |

Received this process on the 11th day of June 2019, and served the same on the within named Defendant at 1:41 PM on the 13th day of June 2019 in Monmouth County, New Jersey.

☐ INDIVIDUAL SERVICE: By delivering to the within named person a true copy of this process along with a copy of the complaint, petition or other initial pleading or paper as indicated above.

☐ SUBSTITUTE SERVICE: By leaving a true copy of this process along with a copy of the complaint, petition or other initial pleading or paper as indicated above, at the within named person's usual place of abode and/or business with a person residing at the said address, fourteen years of age or older, to wit:, and informing such persons of their contents.

☒ CORPORATION SERVICE: By delivering a true copy of this process with the date and hour of serve endorsed thereon by me and a copy of the complaint, petition or other initial pleading or paper as indicated above, to: Diane Lacorte, Receptionist, on behalf of Partylite Worldwide, LLC c/o Corporate Creations Network, Inc., Registered Agent, a corporation.

☐ NON-SERVICE: By returning the same this ___ day of _____, 2019, for the reason that after diligent search and inquiry the above named could not be located in _____ County, _____ for the following reason: _____.

### DESCRIPTION
GENDER: __ SKIN COLOR: _ AGE: _ HGT: _ WGT: _ GLASSES:

Sworn to and subscribed before me this 14th day of June 2019

Before me the undersigned personally appeared Jeanette C. Deeck,

_Jeanette C. Deeck_

_____
Notary Public

**ALEXANDRIA V FIELDS**
ID #50026986
NOTARY PUBLIC
STATE OF NEW JERSEY
My Commission Expires Nov. 12, 2020

and being duly sworn, deposes and says that he/she served the above on the above named dates
Selective Subpoena & Investigative Service, Inc.
P.O. Box 8191, Cherry Hill, New Jersey 08002

**SUPERIOR COURT OF NEW JERSEY - eCOURTS CIVIL LAW**

The following deficiency notice is being sent from eCourts:

Plaintiff Name:           TERRI FENNIMORE
Defendant Name:           PARTYLITE WORLDWIDE  LLC, PARTYLITE GIFTS INC
Case Caption:             FENNIMORE TERRI  VS PARTYLITE GIFTS INC
Case Number:              MER L 001137-19
Docket Text:              **DEFICIENCY NOTICE**: re: AFFIDAVIT OF SERVICES LCV20191067081 -Please file this document as an "AFFIDAVIT
                          OF SERVICE". Thank you!
Transaction ID:           LCV20191077023

**Notice has been electronically mailed to:**
Plaintiff Attorney        RICHARD M SCHALL                 RSCHALL@SCHALLANDBARASCH.COM
                                                           CCOMP@SCHALLANDBARASCH.COM
                                                           PBARASCH@SCHALLANDBARASCH.COM

**Notice was not electronically mailed to:**
Defendant                 PARTYLITE WORLDWIDE  LLC         600 CORDWAINER DRIVE, NORWELL, MA 02061
Defendant                 PARTYLITE GIFTS INC              600 CORDWAINER DRIVE, NORWELL, MA 02061

Login to eCourts to view the Case Jacket. You will need a valid user ID (Bar ID) to view the submitted documents.

For questions, please contact the Superior Court of New Jersey Civil Division in county of venue.

This communication is for notification purposes only.

This email was sent from a notification-only address that cannot accept incoming mail. Please do not reply to this message.

## AFFIDAVIT OF SERVICE

TYPE OF PROCESS:   Civil Action Summons, Case Information Statement, Track Assignment, and Complain And Demand For Jury Trial

SERVED:   Partylite Gifts, Inc. c/o Corporate Network, Inc., Registered Agent

ADDRESS:   12 Christopher Way, #200, Eatontown, NJ 07724

TELEPHONE:   (856) 269-9055

ATTORNEY:   Richard M. Schall, Esquire

COUNTY OF VENUE:   Mercer   DOCKET NO.: 1137-19

| Terri Fennimore, | VS | Partylite Gifts, Inc., et al., |
|---|---|---|
| PLAINTIFF(S) | | DEFENDANT(S) |

Received this process on the 11th day of June 2019, and served the same on the within named Defendant at 1:41 PM on the 13th day of June 2019 in Monmouth County, New Jersey.

☐ INDIVIDUAL SERVICE: By delivering to the within named person a true copy of this process along with a copy of the complaint, petition or other initial pleading or paper as indicated above.

☐ SUBSTITUTE SERVICE: By leaving a true copy of this process along with a copy of the complaint, petition or other initial pleading or paper as indicated above, at the within named person's usual place of abode and/or business with a person residing at the said address, fourteen years of age or older, to wit:, and informing such persons of their contents.

☒ CORPORATION SERVICE: By delivering a true copy of this process with the date and hour of serve endorsed thereon by me and a copy of the complaint, petition or other initial pleading or paper as indicated above, to: Diane Lacorte, Receptionist, on behalf of Partylite Gifts, Inc. c/o Corporate Creations Network, Inc., Registered Agent, a corporation.

☐ NON-SERVICE: By returning the same this ___ day of _____, 2019, for the reason that after diligent search and inquiry the above named could not be located in _____ County, _____, for the following reason: _____.

### DESCRIPTION
GENDER: __ SKIN COLOR: _ AGE: _ HGT: _ WGT: _ GLASSES:

Sworn to and subscribed before me this 14th day of June 2019

Notary Public

**ALEXANDRIA V FIELDS**
ID #50026986
NOTARY PUBLIC
STATE OF NEW JERSEY
My Commission Expires Nov. 12, 2020

Before me the undersigned personally appeared Jeanette C. Deeck,

and being duly sworn, deposes and says that he/she served the above on the above named dates
Selective Subpoena & Investigative Service, Inc.
P.O. Box 8191, Cherry Hill, New Jersey 08002

## AFFIDAVIT OF SERVICE

TYPE OF PROCESS:   <u>Civil Action Summons, Case Information Statement, Track
Assignment, and Complain And Demand For Jury Trial</u>

SERVED:   <u>Partylite Worldwide, LLC c/o Corporate Network, Inc.,
Registered Agent</u>

ADDRESS:   <u>12 Christopher Way, #200, Eatontown, NJ 07724</u>

TELEPHONE:   <u>(856) 269-9055</u>

ATTORNEY:   <u>Richard M. Schall, Esquire</u>

COUNTY OF VENUE:   <u>Mercer</u>        DOCKET NO.: <u>1137-19</u>

<u>Terri Fennimore,</u>              VS        <u>Partylite Gifts, Inc., et al.,</u>
PLAINTIFF(S)                                    DEFENDANT(S)

Received this process on the <u>11th</u> day of <u>June 2019</u>, and served the same on the within named <u>Defendant</u> at
<u>1:41 PM</u> on the <u>13th</u> day of <u>June 2019</u> in <u>Monmouth</u> County, <u>New Jersey</u>.

☐ INDIVIDUAL SERVICE: By delivering to the within named person a true copy of this process along with a copy of
the complaint, petition or other initial pleading or paper as indicated above.

☐ SUBSTITUTE SERVICE: By leaving a true copy of this process along with a copy of the complaint, petition or
other initial pleading or paper as indicated above, at the within named person's usual place of abode and/or
business with a person residing at the said address, fourteen years of age or older, to wit:_, and informing such persons
of their contents.

☒ CORPORATION SERVICE: By delivering a true copy of this process with the date and hour of serve endorsed
thereon by me and a copy of the complaint, petition or other initial pleading or paper as indicated above, to: <u>Diane
Lacorte, Receptionist, on behalf of Partylite Worldwide, LLC c/o Corporate Creations Network, Inc., Registered Agent,</u>
a corporation.

☐ NON-SERVICE: By returning the same this ___ day of _____, 2019, for the reason that after diligent search and
inquiry the above named could not be located in _____ County, _____, for the following reason: _____.

DESCRIPTION
GENDER: __ SKIN COLOR:_ AGE: _ HGT: _ WGT: _ GLASSES:

Sworn to and subscribed before me this
<u>14th</u> day of <u>June 2019</u>

Before me the undersigned
personally appeared Jeanette C. Deeck,

Notary Public

ALEXANDRIA V FIELDS
ID #50026986
NOTARY PUBLIC
STATE OF NEW JERSEY
My Commission Expires Nov. 12, 2020

and being duly sworn, deposes and says
that he/she served the above on the above
named dates
Selective Subpoena & Investigative Service, Inc.
P.O. Box 8191, Cherry Hill, New Jersey 08002